UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
THE ARBITRATION

between

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND and
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Petitioners,

and

JY APPARELS, INC.,
Respondent.

07 Civ. 6515 (RJH)

MEMORANDUM OF LAW IN SUPPORT OF
PETITION TO CONFIRM ARBITRATION AWARD

Factual Background

The facts relevant to the instant memorandum are fully recited in the accompanying Petition of Mark Schwartz, duly verified the 13th day of July 2007.

INTRODUCTION

This proceeding has been brought to confirm an arbitration award dated December 19, 2006 in which Dr. Philip Ross (hereinafter, the "Arbitrator"), found that JY Apparels Inc. (hereinafter, the "Respondent"), was obligated by the terms of a Collective Bargaining Agreement to make employee benefit contributions to The Trustees of the UNITE HERE National Health Fund and The Trustees of the UNITE HERE National Retirement Fund (hereinafter, the "Funds"), and granted The Trustees of the Funds (hereinafter, the "Petitioners'), recovery as to delinquent amounts. For the reasons set forth below, this court

has jurisdiction over the subject matter and over the person of the Respondent and is therefore the proper forum for a Petition to confirm that Arbitration Award.

POINT I

THIS COURT HAS SUBJECT MATTER
JURISDICTION HEREIN

Section 515 of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 USC 1145, provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

As found by the Arbitrator, Respondent has failed to make contributions to the Funds required by a Collective Bargaining Agreement in accordance with the Agreement.

Section 502(a) (3), (B) (i), 29 USC 1132 9(a) (3), (B) (i), states that:

> A civil action may be brought by a participant, beneficiary or fiduciary to redress such violations (of title I of ERISA, 2-608, 29 USC 1001-1168).

As fiduciaries of the Funds, Petitioner has standing to bring this proceeding, which seeks redress of Respondent's violation of section 515.

This court has jurisdiction to hear this proceeding under section 502(f), which provides:

> The district courts of the United States shall have jurisdiction, without regard to the amount in controversy or citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

As shown above, this is an action for relief under subsection (a) of 502.

The Petitioner also brings this Petition pursuant to Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. Section 185(a). Section 301(a) vests the federal

courts with the power and jurisdiction to confirm an arbitration award made in accordance with a collective bargaining agreement in the labor relations context. Sheet Metal Contractors Assoc. of New York City v. Local Union No. 28 of N.Y., 301 F. Supp. 553 (S.D.N.Y. 1969).

It is well established that agreements requiring employee benefit contributions are contracts within the meaning of Section 301(a), Savoretti v. Hotel & Restaurant Emp. and Bartenders, 407 F. Supp 1286 (S.D.N.Y. 1979), and that trustees of an employee benefit fund may maintain an action under that section. Whelan v. Colgan, 602 F. 2nd 1060 (2d. Cir. 1979). [See also, Santos v. District Council of New York City, etc., 619 F. 2d 963 (2d. Cir. 1980)], holding that the prevailing party in a labor arbitration proceeding may seek court enforcement of the award under Section 301(a).

## POINT II

### THIS COURT HAS PERSONAL JURISDICTION OVER RESPONDENT

Section 502(e)(2) of ERISA, 29 USC 1132(e)(2) provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where defendant resides or may be found, and process may be served in any other district where defendant resides or may be found.

As stated in the Petition, Respondent's sole place of business is within the Southern District of New York. Thus, venue is proper in this court.

The last clause of section 502(e)(2) authorizes nation wide service of process on a defendant, regardless of the district in which the action is brought. See Rodd v. Region Construction Co., 783 F. 2d 89 (7th cir 1986). As Respondent was served with process within the district of New York this court has obtained personal jurisdiction.

The United States Arbitration Act 9 USC 12, provides that service of the notice of motion to confirm an arbitration award may be made by mail if the recipient of the notice resides in the district where the proceeding is brought.

9 USC 12 states in pertinent part:

> If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court.

Service of a notice of motion may be made by mail. As set forth in the annexed affidavit of Annie Habeeb, the Notice of Petition was made by mail on JY Apparels Inc. at its address within this district, 256 W. 38th Street, 13th Floor, New York, New York 10018. Thus this court has personal jurisdiction over the Respondent.

Further, the Respondent was served in the manner set forth in its Collective Bargaining Agreement. Article 44 of the Respondent's CBA provides:

> The parties further agree all papers used in any application to a court in any proceeding to confirm the award of the Impartial Chairman, including process conferring jurisdiction upon the court, of the parties involved, may be made by regular or certified mail at the last known address or residence of the owner or officer.

Service of process by mail is sufficient if the party has agreed and such service by contract. See Heart & Entertainment v. Multichannel Distributors, 1997 WL 72150 SDNY 1997, Lawn V. Franklin 328 F. Supp 791 SDNY 1971, 794 where the court allowed service of process by mail to confirm an arbitration award. This court has personal jurisdiction over the Respondent.

POINT III

THE FUND IS ENTITLED TO RECOVER
PRE-JUDGMENT INTEREST AND
LIQUIDATED DAMAGES, TOGETHER
WITH COSTS AND ATTORNEY FEES

ERISA Section 502(g) (2), 29 USC 1132(g) (2) provides, in pertinent part:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515, in which a judgment in favor of the plan is awarded, the court shall award the plan

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan...

(D) reasonable attorney fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

As demonstrated above, this Petition is an action to enforce Section 515 of ERISA.

The Arbitrator granted the Funds interest on the unpaid contributions at the rate of 9% per annum from the date of the arbitration award through the date of Judgment on $3,058.66, in delinquent contributions. Pursuant to section 502 (g) (2) the Funds are entitled to interest on the past due amount through the date of judgment. In addition, the Funds should recover their reasonable costs and attorney fees incurred in connection with this Petition.

## CONCLUSION

PETITIONERS' PETITION SHOULD BE GRANTED AND AN ORDER ISSUED CONFIRMING THE ARBITRATION AWARD AND DIRECTING ENTRY OF JUDGMENT, IN THE AMOUNT OF $3,058.66, AS DIRECTED BY THE ARBITRATOR TOGETHER WITH INTEREST AT 9% PER ANNUM FROM THE DATE OF THE

ARBITRATION AWARD TO THE DATE OF JUDGMENT, PLUS COSTS AS PROVIDED BY LAW.

Dated: July 25, 2007
       New York, New York

                                            Respectfully submitted,

                                            Mark Schwartz, Esq.  MS 0148
                                            Attorney for Petitioners
                                            730 Broadway, 10th Floor
                                            New York, New York 10003-9511
                                            (212) 539-5275