UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
THE TRUSTEES OF THE UNITE HERE                              :
NATIONAL HEALTH FUND and THE                                :
TRUSTEES OF THE UNITE HERE NATIONAL                         :
RETIREMENT FUND,                                            :   07 Civ. 6515 (RJH)
                                                            :
                     Petitioners,          :
                                                            :   **MEMORANDUM**
        - against -                                      :   **OPINION AND ORDER**
                                                            :
JY APPARELS, INC.,                                          :
                                                            :
                     Respondent.           :
                                                            :
------------------------------------------------------------x

        On July 19, 2007, Trustees of the UNITE HERE National Health Fund and the Trustees of the UNITE HERE National Retirement Fund, filed a petition to confirm an arbitration award against JY Apparels, Inc. Service of the summons and complaint was made on the respondent on July 25, 2007. Respondent did not answer the complaint or otherwise move with respect to the petition. This Court has examined the record upon which the arbitration award was based, *D.H. Blair & Co., Inc, v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006), and for the reasons stated below, grants the petition to confirm the arbitration award.

## BACKGROUND

        The dispute stems from a collective bargaining agreement (the "Agreement") between the Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC, presently known as UNITE HERE, and employers in the clothing industry. The petitioners are employee benefit funds established under the Agreement and the

respondent is a party to the Agreement. The Agreement obligates respondent to contribute to the funds based upon a specified percentage of its gross payroll.

Respondent failed to make its required contributions to the funds from April 1, 2006, to May 30, 2006. Pursuant to the Agreement, the petitioners referred the dispute to arbitration. They served a notice of arbitration on the respondent on November 27, 2006. The respondents did not move for a stay of arbitration. The arbitration hearing was held on December 19, 2006. Neither the respondents nor any representative of the respondents appeared at the hearing. The arbitrator, Dr. Phillip Ross, examined the evidence presented by the petitioners and found that the respondent violated the Agreement by failing to contribute to the funds.

The arbitrator calculated damages based on evidence that showed the respondent's contributions to the funds before April 1, 2006. Although the petitioners served a subpoena upon the respondent to produce its payroll records, the respondent failed to do so. At the hearing, the petitioners provided a summary of the respondent's prior contributions; the arbitrator awarded damages based on this summary. To petitioner UNITE HERE National Health Fund, the arbitrator awarded total damages of $2,819.13 ($2,499.00 for delinquent contributions, $95.13 for interest, $50.00 for arbitrator's fees, and $100.00 for default fees (as provided in the Agreement), and $75.00 for legal fees). To petitioner UNITE HERE National Retirement Fund, the arbitrator awarded total damages of $239.53 ($14.00 for delinquent contributions, $0.53 for interest, $50.00 for arbitrator's fees, and $100.00 for default fees (as provided in the Agreement), and $75.00 for legal fees). The arbitrator calculated the interest award pursuant to the terms of the Agreement and section 1132(g)(2)(B) of the Employee Retirement Income Security Act

of 1974 (ERISA), which allows a court to award a plan or its trustees interest on unpaid contributions if judgment is awarded in favor of the plan.

The petitioners served a copy of the arbitration award on the respondents on January 3, 2007. The respondent did not pay. Seeking judicial enforcement, the petitioners commenced this action to confirm the arbitration award on July 19, 2007. Respondent was served with notice of the petition on July 25, 2007. The respondent did not appear, answer, or otherwise move with respect to the petition. The petitioner applied for default judgment and served the respondent with notice of the application on October 31, 2007.

## DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co., Inc.*, 462 F.3d at 109. The record accompanying a motion to confirm an arbitration award "may resolve many of the merits or at least command judicial deference." *Id.* Therefore, "generally, a district court should treat an unanswered … petition to confirm/vacate as an unopposed motion for summary judgment." *Id.* at 110. In essence, "the petition and the accompanying record" become "a motion for summary judgment." *Id.*

When ruling on a summary judgment motion, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109-10. The court's ruling must be based on the record, which includes the arbitration agreement and the arbitration award. *Id.* Thus, when ruling on a motion to confirm an arbitration award, the court "cannot base the entry of summary judgment on the mere fact that the

motion was unopposed, but, rather, must consider the merits of the motion." *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

Summary judgment may not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of demonstrating the absence of an issue of material factual rests on the moving party. *Sista v. CDC Ixis N. Amer., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006). In ruling on a summary judgment motion, the court must view all facts in the light most favorable to the non-moving party. *Id.*

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co, Inc.*, 462 F.3d at 110 (citation omitted). "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). The court must enter judgment for the party seeking to confirm the award unless the opposing party shows that the award was based on a manifest disregard for the law. *Wilko v. Swan*, 346 U.S. 436-37 (1953).

First, the petitioners have sufficiently shown that there is no question of material fact. The respondents have offered no opposition and have not raised any questions of fact. Second, the arbitrator sufficiently justified his conclusion. He awarded damages based on "an audit of the [r]espondent's payroll records conducted by the [p]etitioner." (Schwartz Aff. Ex. A at 2, Oct. 29, 2007.) He noted that the petitioners demanded

4

payment and the respondent refused. (*Id.*) He awarded interest on the unpaid contributions in accordance with ERISA. (*Id.* at 3.) Finally, the respondents have not shown, and the court does not find a manifest disregard for the law or any other reason why court should deny the motion to confirm. Therefore, the motion to confirm the arbitration award should be granted.

The petitioners also seek interest and court costs for this proceeding to confirm the arbitration award. ERISA permits a court to award a benefit plan or its trustees "interest on the unpaid contributions," 29 U.S.C. § 1132(g)(2)(B), as well as "costs of the action," 29 U.S.C. § 1132(g)(2)(D), if judgment is rendered in favor of the plan. The respondent must pay "an amount equal to the greater of: (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent." 29 U.S.C. § 502(g)(2). The Agreement does not provide for liquidated damages but provides for interest on unpaid contributions at a rate of "1% per month." (Schwartz Aff. Ex. C, "Agreement and Declaration of Trust" at 4, Oct. 29, 2007). Accordingly, for the period spanning from the date of the arbitration award, December 20, 2007, through October 22, 2007, petitioner UNITE HERE National Health Fund is awarded interest in the amount of $274.89 and petitioner UNITE HERE National Retirement Fund is awarded interest in the amount of $1.54.

Including the arbitration award, the total award payable to petitioner UNITE HERE National Health Fund is $3,094.02 and the total award payable to petitioner UNITE HERE National Retirement Fund is $241.07. In addition, the petitioners are awarded the costs of the instant proceeding in the amount of $350.00.

5

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is

GRANTED.


SO ORDERED.

Dated: New York, New York
       February 19, 2008

                                                Richard J. Holwell
                                            United States District Judge